IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JULIE H.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:17-cv-00419 |
| | ) | |
| ANDREW SAUL, Commissioner, Social | ) | By: Elizabeth K. Dillon |
| Security Administration,[2] | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Julie H. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration (Commissioner), finding her not disabled and therefore denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On December 18, 2018, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 24.) Julie filed a timely objection on January 1, 2019. (Pl. Obj., Dkt. No. 25.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

1

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Julie's motion for summary judgment, and affirm the Commissioner's decision.

I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–12.)

II.  DISCUSSION

**A.  Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "[t]he purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Julie H.'s Objections**

In her brief to the magistrate judge in support of summary judgment, Julie argued that the ALJ failed to: (1) address her moderate limitations in concentration, persistence, or pace or moderate limitations in social functioning in assessing her residual functional capacity (RFC) and ability to sustain work; (2) provide a proper hypothetical to the vocational expert; (3) consider on a function-by-function basis whether her impairments affect her ability to work; and (4) provide sufficient reasons for rejecting the plaintiff's allegations regarding her subjective

complaints. (Pl. Mot. Summ. J. 27–48, Dkt. No. 15.) Julie's objections to the magistrate judge's recommendation largely reiterate those arguments. (*See, e.g.*, Pl. Obj. 2 ("The Report and Recommendation erred in concluding that the ALJ properly explained the basis for her RFC findings."); *id.* at 3 ("[T]he Report and Recommendation's conclusion that the ALJ's hypothetical questions were sufficient . . . is not supported by substantial evidence."); *id.* at 4 ("The Report and Recommendation's conclusion that the ALJ accommodated plaintiff's social function limitations in the RFC . . . is not supported by substantial evidence."); *id.* at 5 ("The Report and Recommendation erred in concluding . . . that the ALJ properly detailed plaintiff's medical records, the medical opinions, plaintiff's testimony and the ALJ's conclusions."); *id.* at 7 ("The Report and Recommendation erred in concluding substantial evidence supports the ALJ's assessment of plaintiff's allegations.").) Julie's objections are mostly a condensed version of her summary judgment brief, and the court will not address arguments that were thoroughly explored by the magistrate judge. Nonetheless, even if the court were to consider the objections de novo, it would conclude that the magistrate judge's reasoning is correct and the ALJ's determination is supported by substantial evidence.

1. **RFC mental limitations**

Julie first argues that the ALJ does not adequately support the RFC findings as to Julie's ability to sustain work despite her mental limitations. Specifically, she argues that the ALJ did not explain why Julie can engage in "simple, repetitive, unskilled work." (*Id.* at 2.) She further argues that the ALJ limited Julie to no interaction with the general public, but nonetheless allowed her to interact with coworkers or supervisors occasionally. (*Id.* at 2–3.) Thus, Julie contends that the ALJ failed to build a logical bridge between the evidence and her findings by considering only Julie's ability to perform work and not her ability to sustain work over an eight-

hour work day. (*Id.* at 3.) *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (requiring an ALJ to discuss not only a plaintiff's "ability to perform simple tasks," but also her "ability to stay on task"). As a result, she further argues that the ALJ failed to pose an adequate hypothetical to the vocational expert.[3]

To the contrary, the R&R notes that Drs. Gardner[4] and Leizer both found that Julie could consistently perform and maintain concentration based on her RFC. "Indeed, no reviewing, consultative, or treating mental health provider found that Julie's impairments prevented her from performing repetitive, unskilled work with simple instructions, despite her impairment with concentration, persistence, or pace." (R&R 19.) "The mental health physicians' conclusions that despite Julie's moderate impairment with concentration, persistence, and pace, she can perform repetitive unskilled work without special supervision in a competitive work environment, provide the logical bridge to support the RFC determined by the ALJ." (*Id.* (citing *Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017)); *see also* R. 22–24, Dkt. No. 8.) Accordingly, the court agrees that the ALJ's RFC determination and subsequent hypotheticals were supported by substantial evidence. Specifically, the ALJ gave substantial weight to the doctors' findings that, despite Julie's limitations, she could nonetheless persist and concentrate when performing simple tasks. (R. 108, 1946.) Accordingly, the magistrate judge correctly found that substantial evidence supports the ALJ's RFC decision and the related hypothetical.

---

[3] Julie's objection treats her disagreement with the ALJ's discussion of her mental limitations and the resulting hypothetical as two separate errors; however, because the two are largely intertwined, the court will consider them together.

[4] Julie contends that the ALJ "failed to address the internal inconsistencies in Dr. Gardner's consultative examination report." (Pl. Obj. 1.) Because Julie already presented this argument to the magistrate judge in her motion for summary judgment, the court declines to address the issue further. Considering that it bears on the discussion here, however, the court notes its agreement with the R&R's finding that any inconsistency in Dr. Gardner's report does not affect the ALJ's analysis, as the report "was consistent with the medical evidence of record as a whole" and "with the later state agency review." (R&R 15.)

## 2. RFC social limitations

Similar to her first objection, Julie argues that the R&R's "conclusion that the ALJ accommodated plaintiff's social function limitations in the RFC and provided a full explanation in her decision is not supported by substantial evidence." (Pl. Obj. 4.) The court agrees with the magistrate judge's finding that the ALJ's decision is supported by substantial evidence and need not reconsider Julie's argument. *Heffner*, 2017 WL 3887155, at *3. The ALJ expressly considered Julie's subjective reports that she had difficulty interacting with others and going out with family and friends but that she did not have trouble getting along with authority figures. (R. 15.) The ALJ further considered the reports of Drs. Gardner and Leizer, who both found that Julie could get along with others on a limited basis and accept instructions. (*Id.* at 15, 22.) Thus, the ALJ appropriately weighed the evidence before her and developed an RFC that adequately accounted for Julie's social limitations.

## 3. Physical RFC findings

In her third objection, Julie argues that the magistrate judge erred in finding that the ALJ built a logical bridge between the evidence of her physical impairments and the RFC determination. Specifically, Julie asserts that "the ALJ never made specific findings regarding whether plaintiff's impairments would cause her to experience episodes of fatigue or pain necessitating breaks throughout the course of an eight hour workday and how often these breaks would occur."[5] (Pl. Obj. 6.)

---

[5] Julie's argument is reminiscent of another objection commonly raised in this court, and one Julie raised in her motion for summary judgment—that the ALJ failed to perform a function-by-function analysis of how her impairments would affect her ability to work. (Pl. Mot. Summ. J. 37.) To the extent Julie intends to assert that argument again, she merely restates arguments already considered by the magistrate judge which this court need not reconsider. *Heffner*, 2017 WL 3887155, at *3.

As the magistrate judge stated, when developing an RFC, "the ALJ must explain the conclusions reached and explain any record evidence which contradicts the RFC determination." (R&R 21 (citing SSR 96-8p, 2016 WL 374184 (July 2, 1996)).) The ALJ pointed to substantial evidence supporting her determination, including opinion evidence from state agency physicians, instances in which Julie performed daily physical activities, and Julie's subjective complaints. (*Id.* at 22–23.) She further explained how she weighed each doctor's report and why. (R. 16–24.)

Ultimately, the magistrate judge found that he was "not left to guess about how the ALJ arrived at her conclusions." (R&R 23.) *See Mascio*, 780 F.3d at 637. The court agrees. The ALJ included a detailed summary of the evidence available for her review and provided a thorough explanation of which evidence she found credible and why. (R. 16–24.) Importantly, this included a finding that Julie can sustain work throughout the day based on the available medical records and opinions, despite Julie's subjective complaints to the contrary. (R. 23–24.) The ALJ's analysis further resulted in an adequate hypothetical for consideration by the vocational expert. (R. 68–69.) Thus, the court finds that the ALJ built a logical bridge between the evidence and her ultimate RFC determination.

### 4. Subjective allegations

Finally, Julie argues that the R&R "ignores that the ALJ failed to properly consider whether plaintiff's pain is so continuous and/or so severe that it prevents her from working a full eight hour workday."[6] (Pl. Obj. 6.) In fact, the R&R expressly considered how the ALJ

---

[6] Julie also asserts that the ALJ "impermissibly required plaintiff to objectively prove the intensity of her pain." (Pl. Obj. 6–7 ("After making the finding that plaintiff's medically determinable impairments are reasonably likely to cause plaintiff's symptoms, the ALJ then turns to the objective medical evidence of record in analyzing plaintiff's allegations of disabling symptoms and limitations.").) To be sure, subjective "complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." *Mickles v. Shalala*, 29 F.3d 918, 919 (4th Cir. 1994). However, suggesting the ALJ required Julie to provide objective proof of her pain

7

discussed Julie's subjective complaints and "continued, for four paragraphs in the opinion, [to compare] Julie's allegations regarding her physical and mental impairments with the evidence in the record." (R&R 26 (citing R. 23–24).) After several pages of discussion, the R&R found that the "ALJ was entitled to find that the objective medical evidence outweighed Julie's subjective statements, and she provided a sufficient rationale for doing so." (*Id.* at 26; *see also id.* at 24–26.)

Julie disputes the R&R's conclusion that her case is distinguishable from *Brown v. Comm'r of Soc. Sec. Admin.*, 873 F.3d 251 (4th Cir. 2017), and argues that the ALJ failed to explain how Julie's limited activities establish that she can sustain work for an eight-hour day. (Pl. Obj. 7.) In *Brown*, the Fourth Circuit found that the ALJ did not provide sufficient explanation as to how the plaintiff's daily activities showed "that he could persist through an eight-hour workday" where the ALJ did not appear to consider conflicting evidence or medical records. *Brown*, 873 F.3d at 263. However, as the magistrate judge pointed out, the ALJ here expressly identified evidence that conflicted with Julie's testimony. The R&R specifically states that Julie's "statements concerning her impairments and their impact on her ability to work are not entirely consistent with the medical evidence and other evidence in the record." (R&R 25.) Moreover, the ALJ also considered the extent to which Julie engaged in her reported activities

---

is a gross mischaracterization of the ALJ's decision. It is the ALJ's responsibility to weigh the evidence before her and resolve any conflict. *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Thus, while a plaintiff's complaints may carry weight, they do not necessarily control over the objective evidence available to the ALJ. Rather, the ALJ considers all the evidence before her and determines which sources should carry more weight than others. *See Meadows v. Astrue*, No. 5:11-cv-00063, 2012 WL 3542536, at *9 (W.D. Va. Aug. 15, 2012) ("The ALJ, however, is not required to accept a claimant's testimony about her symptoms at face value; rather he is to weigh such testimony along with all of the evidence . . . ."). Julie effectively ascribes error not to this particular ALJ's review of the record, but to one of the functions with which every ALJ is tasked—resolving conflicts between objective evidence and a plaintiff's subjective complaints. Because the ALJ appropriately explained her decision, the court finds no error in her conclusion.

and appropriately weighed Julie's credibility. (*Id.* at 26 (citing R. 23–24, 56–57, 280).) Accordingly, the court finds that the ALJ's decision is supported by substantial evidence.

III.  CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, the court will overrule Julie's objections and adopt the magistrate judge's recommendation. The court will therefore grant the Commissioner's motion for summary judgment, deny Julie's motion for summary judgment, and affirm the Commissioner's decision.

An appropriate order will be entered.

Entered: September 9, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge